IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NORTH MAIN CHURCH OF GOD IN CHRIST, | § § § | |
| *Plaintiff,* | § | |
| v. | § § | CIVIL ACTION NO. 4:25-cv-05455 |
| OHIO SECURITY INSURANCE COMPANY, | § § § | (JURY) |
| *Defendant.* | § | |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to 28 U.S.C. §§ 1441 and 1446, Ohio Security Insurance Company ("Defendant" or "Ohio Security") files this Notice of Removal to the United States District Court for the Southern District of Texas, Houston Division, based on diversity jurisdiction and would respectfully show the Court as follows:

### I.
### Background and Procedural History

1. This is an insurance coverage action. Ohio Security issued an insurance policy No. BKS 60675891 to Plaintiff North Main Church of God in Christ ("Plaintiff") for the policy period from December 26, 2023, to December 15, 2024 (the "Policy"). The Policy covered Plaintiff's property in Harris County, Texas ("Property"). Plaintiff alleges that "Venue is proper in Harris County, Texas because the insured property is located in Harris County, Texas…" *See* Plaintiff's Original Petition ("Petition" or "Plaintiff's Petition") ¶ 5, attached and incorporated herein as Exhibit C-1. Plaintiff reported a claim to Ohio Security with a date of loss of July 8, 2024, and it was assigned Claim No. 24212231 (the "Claim").

2. On October 3, 2025, an action was commenced by Plaintiff in the 113th Judicial

District Court of Harris County, Texas, styled *North Main Church of God in Christ vs. Ohio Security Insurance Company,* Cause No. 202575627. Plaintiff asserts cause of action of breach of contract, noncompliance with the Texas Insurance Code: unfair settlement practices and the prompt payments of claims, and common law breach of the duty of good faith and fair dealing, and violations of the Texas Deceptive Trade Practices Act. *See* Exhibit C-1.

3. The process papers were delivered by Certified Mail to Ohio Security and were delivered on October 15, 2025. *See* Exhibit C-2.

4. Defendant timely filed its Original Answer in the 113th Judicial Court of Harris County, Texas, on November XX, 2025. *See* Exhibit C-3.

5. Plaintiff's stated amount in controversy is "monetary relief over $250,000.00 but not more than $1,000,000." *See* Exhibit C-1, ¶ 69; 28 U.S.C. § 1446(c)(2)**.**

6. Defendant files this notice of removal within 30 days of receiving service of Plaintiff's pleading. *See* 28 U.S.C. §1446(b).

## II.
## Basis for Removal

7. "Generally, a defendant may remove to federal court any state court civil action over which the federal court would have 'original jurisdiction.'" *Issa v. Allstate County Mut. Ins. Co.*, 4:20-CV-3227, 2021 WL 2457729, at *1 (S.D. Tex. June 16, 2021) (citing 28 U.S.C. § 1441(a); *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007)). "Federal courts have 'original jurisdiction' over civil actions where the parties are diverse and the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." *Id.* (citing 28 U.S.C. § 1332(a)). The removing party has the burden of showing the removal is proper. *Id.* (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)). Removal of the above-captioned action is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a),

1441(a), and 1446.

### A. There is Complete Diversity of Citizenship.

8. Plaintiff North Main Church of God in Chris is, and was at the time the lawsuit was filed, a religious organization and church organized under the laws of the State of Texas. *See* Exhibit C-1 ¶ 2. For diversity jurisdiction purposes, Plaintiff is a citizen of Texas.

9. Defendant Ohio Security Insurance Company is a corporation organized under the laws of the State of New Hampshire, with its principal place of business located in Boston, Massachusetts. As such, for diversity purposes, Ohio Security is a citizen of New Hampshire and Massachusetts. 28 U.S.C. §1332(c)(1).

10. Therefore, there is complete diversity between the parties.

### B. The Amount in Controversy Exceeds $75,000.

11. Plaintiff asserts they "seeks only monetary relief over $250,000 but not more than $1,000,000." *See* Petition, Exhibit C-1, ¶ 69. In addition, Plaintiff is suing for benefits afforded to them under their commercial property insurance policy issued by Ohio Security, which includes $2,496,900.00 in coverage for Plaintiff's Building Coverage. *See* Policy Declarations, attached and incorporated herein as Exhibit C-4. In a first-party insurance action, the amount of contract damages can be up to the insured amount. Moreover, the Petition alleges Ohio Security's actions were committed knowingly, and Plaintiff is seeking punitive damages, treble damages, and exemplary damages. *See* Petition, Exhibit C-1, Prayer.

12. The amount in controversy includes the following alleged elements of damages and attorney's fees: (i) actual damages for losses under the insurance policy; (ii) actual damages and treble damages for knowing/intentional violations of the Texas Insurance Code; and (iii) interest and attorney's fees. *See Sotello v. Allstate Fire & Cas. Ins. Co.*, No. 5:20-CV-1303-DAE, 2021

WL 1624272, at *2 (W.D. Tex. Feb. 22, 2021) (citing *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Arceo v. Allstate Tex. Lloyd's*, No. 5:19-CV-00177-OLG, 2019 WL 10302262, at *1–2 (W.D. Tex. June 10, 2019); *Ray v. State Farm Lloyds*, No. Civ. A. 3:98-CV-1288-G, 1999 WL 151667, at *2 (N.D. Tex. Mar. 10, 1999)) (stating items the court may consider in determining amount in controversy include attorneys' fees, statutory damages, punitive damages, treble damages, policy limits, and penalties, but not interest or costs).

13. In addition, Plaintiff's actual damages are $662,312.82, based on Plaintiff's Original Petition and Plaintiff's Demand Letter. *See* Plaintiff's Original Petition, ¶ 20; *See also* Plaintiff's Demand Letter, Exhibit C-5. Based on Plaintiff's Original Petition, Plaintiffs's treble damages alone amount to $1,986,938.46, plus attorney's fees, court fees, and interest, which exceeds the necessary amount to satisfy the amount in controversy of $75,000.00 or more. The amount in controversy grows when the actual damages and treble damages are added to the sought attorney fees, costs, and punitive/exemplary damages.

14. Considering all the foregoing, it is reasonably clear that the amount in controversy exceeds the sum of $75,000.00, and the Court has diversity jurisdiction over this matter. *See* 28 U.S.C. § 1332(a).

### III.
### The Removal is Procedurally Correct

15. Ohio Security was served with the Petition and process on October 15, 2025. Defendant files this Notice of Removal within the thirty-day period set forth in 28 U.S.C. § 1446(b).

16. Venue is proper in this District and Division under 28 U.S.C. § 1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District

and Division.

17. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81, in addition to the Petition (Exhibit C-1) and the Policy Declarations (Exhibit C-4), the following items are being filed contemporaneously with this Notice of Removal: Index of Matters Being Filed (Exhibit A); Citation of Service on Ohio Security served on October 15, 2025 (Exhibit C-2); Defendant's Original Answer (Exhibit C-3); Plaintiffs' Demand Letter (Exhibit C-5), Docket Sheet of Case Filing in state Court (Exhibit C-6); and a List of All Counsel of Record (Exhibit D).

18. Pursuant to 28 U.S.C. § 1446(d), after Defendant files this Notice of Removal, written notice of the filing will be given to Plaintiff, the adverse party. Specifically, Plaintiff will be served with notice of the filing.

19. Pursuant to 28 U.S.C. § 1446(d), after Defendant files this Notice of Removal, a true and correct copy of this Notice of Removal will be filed with the Clerk of the 113th Judicial Court of Harris County, Texas.

## IV.
## Conclusion

Based upon the foregoing and other documents filed contemporaneously with this Notice of Removal and fully incorporated herein by reference, Defendant Ohio Security Insurance Company hereby removes this case to this Court for trial and final determination.

*[Signature Page of Counsel on Next Page]*

Respectfully submitted,

**THOMPSON, COE, COUSINS & IRONS, LLP**

By:    */s/ Jonathan R. Peirce*
       **Jonathan R. Peirce**
       State Bar No. 24088836
       Fed. Adm. No. 2302346
       jpeirce@thompsoncoe.com
       4400 Post Oak Parkway, Suite 1000
       Houston, Texas 77027
       Telephone: (713) 403-8210
       Facsimile: (713) 403-8299
       **Natalie D. Tarnosky**
       State Bar No. 24088507
       Fed. Adm. No. 3170935
       ntarnosky@thompsoncoe.com
       2801 Via Fortuna, Suite 300,
       Austin, TX 78746
       Telephone: (512) 827-2303
       Facsimile: (512) 708-8777

**ATTORNEYS FOR DEFENDANT,
OHIO SECURITY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

    I hereby certify that on November 14, 2025, a true and correct copy of the foregoing instrument was served on the following counsel of record in accordance with the Federal Rules of Civil Procedure:

**CHAD T. WILSON LAW FIRM, PLLC**

Chad T. Wilson
Donald C. Green II
455 E Medical Center Blvd, Ste 555
Webster, Texas 77598
Telephone: (713) 222-6000
Email: cwilson@cwilsonlaw.com
Email: dgreen@cwilsonlaw.com

**ATTORNEYS FOR PLAINTIFF**

       */s/ Jonathan R. Peirce*
       Jonathan R. Peirce