**LYN / ALL**
**Transmittal Number: 32472468**
**Date Processed: 10/15/2025**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Litigation Manager<br>Liberty Mutual Insurance<br>7900 Windrose Ave<br>Plano, TX 75024-0266 |

| | |
|---|---|
| **Entity:** | Ohio Security Insurance Company<br>Entity ID Number 2315969 |
| **Entity Served:** | Ohio Security Insurance Company |
| **Title of Action:** | North Main Church Of God In Christ vs. Ohio Security Insurance Company |
| **Matter Name/ID:** | North Main Church of God in Christ (17245176) |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Harris County District Court, TX |
| **Case/Reference No:** | 202575627 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 10/15/2025 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Chad T. Wilson Law Firm PLLC<br>713-222-6000 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674 (888) 690-2882 | sop@cscglobal.com

EXHIBIT C-1

CAUSE NO. 202575627

COPY OF PLEADING PROVIDED BY PLT

RECEIPT NO: 1041579

EML TRACKING NO: 74554045

| | |
|---|---|
| Plaintiff:<br>NORTH MAIN CHURCH OF GOD IN CHRIST<br>vs.<br>Defendant:<br>OHIO SECURITY INSURANCE COMPANY | In The 113th<br>Judicial District Court of<br>Harris County, Texas<br>201 CAROLINE<br>Houston, Texas |

**CITATION CORPORATE**

**THE STATE OF TEXAS**
**County of Harris**

**To: OHIO SECURITY INSURANCE COMPANY MAY BE SERVED THROUGH ITS REGISTERED AGENT CORPORATION SERVICE COMPANY**
**211 EAST 7TH STREET SUITE 620, AUSTIN TX 78701-3218**

Attached is a copy of: PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on October 3, 2025 in the above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED.** You may employ an attorney. If you or your Attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

This citation was issued on October 3, 2025, under my hand and seal of said court.

Marilyn Burgess

Marilyn Burgess, District Clerk

Harris County, Texas
201 CAROLINE Houston Texas 77002
(PO Box 4651, Houston, Texas 77210)

Generated By:YASMIN CREAG

DISTRICT COURT OF HARRIS COUNTY TEXAS

Issued at the request of:

WILSON, CHAD TROY
455 EAST MEDICAL CENTER BLVD SUITE 555

WEBSTER, TX 77598-0000
713-222-6000
Bar Number: 24079587

EXHIBIT C-1

Tracking Number: 74554045

**CAUSE NUMBER: 202575627**

| | |
|---|---|
| **PLAINTIFF: NORTH MAIN CHURCH OF GOD IN CHRIST** | **In the 113th** |
| **vs.** | **Judicial District Court of** |
| **DEFENDANT: OHIO SECURITY INSURANCE COMPANY** | **Harris County, Texas** |

OFFICER - AUTHORIZED PERSON RETURN

Came to hand at ________ o'clock ____. M. on the __________ day of ___________________________, 20______. Executed at

(Address)_____________________________________________________________________________________ __________ in

_______________________ County at o'clock ____. M. On the __________ day of ____________________________, 20______, by

Delivering to _____________________________________________________defendant, in person, a true copy of this Citation together with the accompanying _______ copy (ies) of the «Attachment». Petition attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _________________day of _____________________________________, 20.

Fees $____________________________

__________________________________________________

By____________________________________________

Affiant Deputy

On this day, ________________________________________________________, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this _______ day of _____________________________________, 20___.

______________________________________________

Notary Public

EXHIBIT C-1

10/3/2025 2:29 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 106430386
By: Yasmin Creag
Filed: 10/3/2025 2:29 PM

CAUSE NO. ______________________________

| | | |
|---|---|---|
| NORTH MAIN CHURCH OF GOD IN CHRIST, | § | IN THE JUDICIAL COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | HARRIS COUNTY, TEXAS |
| v. | § | |
| | § | |
| OHIO SECURITY INSURANCE COMPANY, | § | |
| | § | |
| | § | ______ DISTRICT COURT |
| *Defendant.* | § | |

**PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff North Main Church of God in Christ ("Plaintiff") and files this, Plaintiff's Original Petition and Jury Demand, complaining of Ohio Security Insurance Company ("Ohio Security" or "Defendant") and for cause of action, Plaintiff respectfully shows the Court the following:

**DISCOVERY CONTROL PLAN**

1. Plaintiff intends to conduct discovery under Level 3, pursuant to Texas Rules of Civil Procedure 190.4.

**PARTIES**

2. Plaintiff North Main Church of God in Christ is a religious organization and church organized under the laws of the State of Texas that owns property located in Harris County, Texas.

3. Defendant Ohio Security Insurance Company is an insurance company engaged in the business of insurance in the State of Texas. Plaintiff requests service of citation upon Ohio

EXHIBIT C-1

Security, through its registered agent for service listed with the Texas Department of Insurance: **Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218**. Plaintiff requests service at this time.

## JURISDICTION

4. The Court has jurisdiction over Ohio Security because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of Ohio Security's business activities in the state, including those in Harris County, Texas, with reference to this specific case.

## VENUE

5. Venue is proper in Harris County, Texas because the insured property is located in Harris County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Harris County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

6. Plaintiff asserts claims for breach of contract, common law bad faith, violations of Chapters 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

7. Plaintiff owns an Ohio Security insurance policy, number BKS (24) 60 67 58 91 ("the Policy"). At all relevant times, Plaintiff owned the insured premises—a church—located at 7206 North Main Street, Houston, Texas 77022 ("the Property"). The Property consists of two buildings, the main sanctuary and a two-story classroom building with a fellowship hall.

8. Ohio Security or its agent sold the Policy, insuring the Property, to Plaintiff. Ohio Security represented to Plaintiff that the Policy included coverage for storm damage, including damage due to a hurricane.



EXHIBIT C-1

9. On or about July 8, 2024, the Property sustained extensive exterior and interior damage resulting from Hurricane Beryl which impacted the Harris County area, including Houston, Texas.

10. In the aftermath of the storm, Plaintiff submitted a claim to Ohio Security against the Policy for damage to the Property. Ohio Security assigned claim number 24212231 to Plaintiff's claim.

11. Plaintiff asked Ohio Security to cover the cost of damage to the Property pursuant to the Policy.

12. Ohio Security hired or assigned its agent, Jennifer Moen ("Moen") to investigate the claim.

13. On or about August 8, 2024, an unknown field adjuster inspected the Property on behalf of Ohio Security.

14. On or about August 20, 2024, Ohio Security sent a letter to Plaintiff referencing previous Claim Number 24012862 with a date of loss of March 22, 2022. The letter acknowledged the recent inspection earlier in August and stated that no damage to the roof was found by the field adjuster. This letter also indicated that Ohio Security would be engaging an engineer to inspect the Property.

15. Ohio Security next retained SDII Global, LLC ("SDII"), an engineering consultant firm, to inspect the Property and issue a report. Nar Sripadanna, P.E. ("Sripadanna") inspected the Property on or about December 4, 2024, according to information in the report.

16. On or about December 13, 2024, SDII issued a report on its findings. SDII did not find any wind-related damage to the roof and stated the water-damaged ceiling was due to defects in the roof. This engineering report from SDII was biased and self-serving and used by Ohio Security as a further basis to deny the claim.

17. On or about December 17, 2024, Ohio Security issued a letter to Plaintiff stating there was no coverage available and denying Plaintiff's claim. The letter incorporated SDII's findings into its denial and was signed by Moen.

18. Ohio Security, through its employees and agents, including Moen, conducted substandard and improper inspections of the Property and investigations of the claim.

19. Ohio Security has ultimately refused to provide any coverage for the claim which includes, but is not limited to, replacement of the standing seam roofs of the primary building (sanctuary) and secondary building (classrooms/fellowship hall); replacement of rooftop accessories including vents, exhaust caps and flashings on both buildings; repairs to and/or replacement of the HVAC equipment for both buildings; and replacement of the walkway awning. Additionally, the integrity of the roof of each building was compromised, allowing water to enter and causing damage to various rooms, including the main sanctuary in the primary building and the fellowship hall in the secondary building. The third-party inspector hired to review the damage to the Property found storm damage that was completely absent from Ohio Security's reports.

20. The damage to the Property is currently estimated at $662,312.82.

21. Moen had a vested interest in undervaluing or denying the claims assigned to her by Ohio Security in order to maintain her employment. The disparity in the number of damaged items in the reports from Ohio Security compared to the report and estimate from the third-party inspector is evidence of unfair claims handling practices on the part of Ohio Security.

22. Furthermore, Moen was aware of Plaintiff's deductible prior to investigating the claim. Moen had advanced knowledge of the damages that needed to be documented in order to be able to deny or underpay the claim.



EXHIBIT C-1

23. Moen misrepresented whether the damage to the Property was covered. Moen made these misrepresentations as a licensed Texas adjuster with the hope that Plaintiff would rely on her expertise and accept the bad faith determination regarding the lack of covered damage as a true representation of whether or not the claim was covered under the Policy.

24. After reviewing the Policy, Moen misrepresented that the damage was caused by non-covered perils. Moen used her expertise to fabricate plausible explanations for why visible damage to the Property would not be covered under the Policy.

25. As stated above, Ohio Security, through its employees and agents, including Moen, improperly and unreasonably adjusted Plaintiff's claim. Without limitation, Ohio Security misrepresented the cause of damages to the Property, as well as the amount of insurance coverage for Plaintiff's claim or loss under the Policy.

26. Ohio Security, through its employees and agents, including Moen, made these and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. Ohio Security made these false representations with the intent that Plaintiff act in accordance with the misrepresentations regarding the denial of the claim by Ohio Security.

27. Plaintiff relied on Ohio Security's misrepresentations, including but not limited to those regarding coverage and the cause of damage to the Property. Plaintiff's damages are the result of its reliance on these misrepresentations.

28. Upon receipt of the reports from Moen, Ohio Security failed to assess the claim thoroughly. Based upon the grossly unreasonable, intentional, and reckless failure by Moen to investigate the claim properly prior to denying coverage, Ohio Security failed to provide coverage due under the Policy, and Plaintiff suffered damages.

29. Because Ohio Security failed to provide coverage for Plaintiff's insurance claim, Plaintiff has been unable to complete any substantive repairs to the Property. This has caused additional damage to the Property.

30. Furthermore, Ohio Security failed to perform its contractual duties to Plaintiff under the terms of the Policy. Specifically, Ohio Security's employees and agents, including Moen, performed unreasonable and substandard inspections of the Property and investigations of the claim that allowed Ohio Security to refuse to pay full proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiff.

31. Ohio Security's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Defendant and Plaintiff.

32. Ohio Security's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1). Ohio Security has failed to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy. Specifically, Ohio Security has failed to, in an honest and fair manner, balance its own interests in maximizing gains and limiting disbursements, with the interests of Plaintiff by failing to timely pay Plaintiff coverage due under the Policy.

33. Ohio Security's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A). Ohio Security has failed to provide Plaintiff a reasonable explanation for denial of the claim.

34. Additionally, after Ohio Security received statutory demand on or about April 25, 2025,

Ohio Security has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiff's claim properly.

35. Ohio Security's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4). Ohio Security's employees and agents, including Moen, performed biased and intentionally substandard inspections of the Property and investigations of the claim designed to allow Ohio Security to refuse to provide full coverage to Plaintiff under the Policy.

36. Specifically, Ohio Security performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

37. Ohio Security's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055. Due to the subpar inspections of the Property and investigations of the claim by Ohio Security's agents, including Moen, Ohio Security failed to reasonably accept or deny Plaintiff's full and entire claim within the statutorily mandated time after receiving all necessary information.

38. Ohio Security's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056. Due to the intentional undervaluation of Plaintiff's claim by Ohio Security's employees and agents, including Moen, Ohio Security failed to meet its obligations under the Texas Insurance Code regarding timely payment of the claim. Specifically, the finding of no damage to the Property by Moen caused Ohio Security to delay full payment of Plaintiff's claim longer than allowed, and Plaintiff has not received rightful payment for its claim.



EXHIBIT C-1

39. Ohio Security's wrongful acts and omissions have forced Plaintiff to retain the professional services of the attorneys and law firm representing it with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT

### BREACH OF CONTRACT

40. All allegations and facts stated above are incorporated herein.

41. Ohio Security is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Ohio Security and Plaintiff.

42. Ohio Security's failure and/or refusal to pay adequate coverage as obligated under the Policy, and under the laws of the State of Texas, constitutes a breach of Ohio Security's insurance contract with Plaintiff.

### NON-COMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

43. All allegations and facts stated above are incorporated herein.

44. Ohio Security's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

45. Ohio Security's unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

46. Ohio Security's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though Ohio Security's liability under the Policy was reasonably clear, constitutes an unfair method of competition and a



EXHIBIT C-1

deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

47. Ohio Security's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

48. Ohio Security's unfair settlement practice of refusing to pay Plaintiff's full claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

**NON-COMPLIANCE WITH THE TEXAS INSURANCE CODE:**
**THE PROMPT PAYMENT OF CLAIMS**

49. All allegations and facts stated above are incorporated herein.

50. Ohio Security's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are actionable under TEX. INS. CODE §542.060.

51. Ohio Security's delay in paying Plaintiff's claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

**BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

52. All allegations and facts stated above are incorporated herein.

53. Ohio Security's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

54. Ohio Security's failure to adequately and reasonably investigate and evaluate Plaintiff's claim, even though Ohio Security knew or should have known by the exercise of reasonable

diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DTPA VIOLATIONS

55. All allegations and facts stated above are incorporated herein.

56. Ohio Security's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiff is a consumer of goods and services provided by Ohio Security pursuant to the DTPA. Plaintiff has met all conditions precedent to bring this cause of action against Ohio Security. Specifically, Ohio Security's violations of the DTPA include, without limitation, the following matters:

A. By its acts, omissions, failures, and conduct, Ohio Security has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. Ohio Security's violations include: (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim; (2) failure to give Plaintiff the benefit of the doubt; and (3) failure to pay for the proper repair of the Property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2);

B. Ohio Security represented to Plaintiff that the Policy and its adjusting agent and investigative services had characteristics or benefits they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA;

C. Ohio Security represented to Plaintiff that the Policy and its adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA;

D. Ohio Security advertised the Policy and its adjusting services with the intent not to



EXHIBIT C-1

sell them as advertised, in violation of section 17.46(b)(9) of the DTPA;

E. Ohio Security breached an express warranty that the damages caused by Hurricane Beryl would be covered under the Policy. This breach entitles Plaintiff to recover under sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA;

F. Ohio Security's actions are unconscionable in that Ohio Security took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Ohio Security's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

G. Ohio Security's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

57. Each of the above-described acts, omissions, and failures of Ohio Security is a producing cause of Plaintiff's damages. All of Ohio Security's acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

**KNOWLEDGE**

58. Ohio Security made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's damages described herein.

**WAIVER AND ESTOPPEL**

59. Ohio Security waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.



EXHIBIT C-1

## DAMAGES

60. The damages caused to the Property have not been properly addressed or repaired since the claim was made, causing further damage to the Property, and undue hardship and burden to Plaintiff. These damages are a direct result of Ohio Security's mishandling of Plaintiff's claim in violation of the laws set forth above.

61. Plaintiff currently estimates that actual damages to the Property under the Policy are $662,312.82.

62. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained. The above-described acts, omissions, failures, and conduct of Ohio Security have caused Plaintiff's damages, which include, without limitation, the cost to properly repair the Property and any investigative and engineering fees incurred.

63. For breach of contract, Plaintiff is entitled to regain the benefit of its bargain, which is the amount of its claim and consequential damages, together with attorney's fees.

64. For non-compliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of benefits owed pursuant to the Policy, court costs, and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiff asks for three (3) times its actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(b)(1).

65. For non-compliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of its claims, plus an interest penalty authorized by statute on those claims, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX.



EXHIBIT C-1

INS. CODE §542.060.

66. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Ohio Security's breach of duty, such as additional costs, economic hardship, losses due to the nonpayment of the amount Ohio Security owed, and exemplary damages.

67. Ohio Security's breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Ohio Security for its wrongful conduct and to set an example to deter Ohio Security and others from committing similar acts in the future.

68. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, Chapters 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

69. As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c)(3) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks only monetary relief over $250,000.00 but not more than $1,000,000.00,

including interest, statutory or punitive damages and penalties, and attorney fees and costs. A jury will ultimately determine the monetary relief actually awarded, however. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## JURY DEMAND

70. Plaintiff hereby requests a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Harris County, Texas. Plaintiff hereby tenders the appropriate jury fee.

## PRAYER

Plaintiff North Main Church of God in Christ prays that Defendant Ohio Security Insurance Company be cited and served to appear and that upon trial hereof Plaintiff recovers from Defendant such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiff's behalf, for pre-judgment and post-judgment interest as allowed by law, and for any other relief, at law or in equity, to which Plaintiff may show it is so justly entitled.



EXHIBIT C-1

Dated: October 3, 2025

Respectfully submitted,

By: */s/ Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
Donald C. Green II
Bar No. 24086619
CHAD T. WILSON LAW FIRM PLLC
455 E Medical Center Blvd, Ste 555
Webster, Texas 77598
Telephone: (713) 222-6000
cwilson@cwilsonlaw.com
dgreen@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFF



EXHIBIT C-1

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Donna Matthews on behalf of Donald Green
Bar No. 24086619
dmatthews@cwilsonlaw.com
Envelope ID: 106430386
Filing Code Description: Petition
Filing Description: PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND
Status as of 10/3/2025 3:12 PM CST

Associated Case Party: North Main Church Of God In Christ

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Chad T. Wilson | | eservice@cwilsonlaw.com | 10/3/2025 2:29:17 PM | SENT |
| Donald C.Green II | | dgreen@cwilsonlaw.com | 10/3/2025 2:29:17 PM | SENT |
| Donna Matthews | | dmatthews@cwilsonlaw.com | 10/3/2025 2:29:17 PM | SENT |

EXHIBIT C-1

LEGAL DOCUMENT MANAGEMENT
5151 BELT LINE RD. SUITE 826
DALLAS, TEXAS 75254

9589 0710 5270 2722 3026 67

FP US POSTAGE
$ 012.14
First-Class - IMI
ZIP 75240
10/08/2025
034B 0081833542

CORPORATION SERVICE COMPANY
211 E. 7th STREET., #620
AUSTIN, TEXAS 78701

EXHIBIT C-1